**Daniel Tua TONDANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71747.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Thomas S. Prince, Esquire, Pomona, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Richard M. Evans, Esquire, Assistant Director, Marshall Tamor Golding, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

MEMORANDUM **

Daniel Tua Tondang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The IJ denied Tondang's asylum application as time-barred, which is dispositive of Tondang's asylum claim.

■ Substantial evidence supports the IJ's denial of withholding of removal because Tondang's experiences did not constitute past persecution. *See id.* at 1016–18. In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Christian Indonesians in the context of withholding of removal, Tondang failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Further, this record does not establish the conclusion that the religious

strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

■ In his opening brief, Tondang does not challenge the IJ's determination that Tondang has not established eligibility for protection under CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996) (stating that issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

